UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COURTNEY LEE HARRIS, | ) |
| Movant, | ) ) ) |
| v. | ) ) No. 4:22-cv-00629-JAR |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion is successive and will be denied and dismissed.

On October 2, 2015, movant pled guilty to two counts of possessing a firearm as a felon and his sentence was enhanced under the Armed Career Criminal Act. He also pled guilty to one count of possession with intent to distribute cocaine base. *United States v. Harris*, No. 4:15-cr-000134-1-JAR (E.D. Mo. filed Oct. 2, 2015). On January 12, 2016, the Court sentenced movant to 200 months of imprisonment. Movant did not file an appeal of his sentence.

On September 13, 2018, movant filed his first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *Harris v. United States*, No. 4:18-cv-01546-JAR (E.D. Mo. Sept. 13, 2018). Movant's § 2255 motion was dismissed as time-barred. *Id.* at ECF 4. The Court also denied movant's motion for reconsideration. *Id.* at ECF 7. Movant filed a motion to file a successive motion attacking his sentence under § 2255 with the Eighth Circuit Court of Appeals

on December 26, 2018.[1] *Harris v. United States*, No. 18-3730 (8th Cir. filed Dec. 26, 2018). The Eighth Circuit denied this petition on April 1, 2019. *Id.*

On January 22, 2019, movant filed another petition for permission to file a successive habeas petition with the Eighth Circuit Court of Appeals. *Harris v. United States*, No. 19-1147 (8th Cir. filed Jan. 22, 2019). The Eighth Circuit dismissed this petition as duplicative of his petition filed in Case No. 18-3730. *Harris v. United* States, No. 19-1147 (8th Cir. Jan. 30, 2019).

Movant filed the instant motion to vacate on June 13, 2022. He alleges that the penalty imposed under the Armed Career Criminal Act ("ACCA") is no longer constitutionally valid. For support, he cites the United States Supreme Court decision in *Borden v. United States*, 141 S. Ct. 1817 (2021). In *Borden*, the Supreme Court held that a criminal offense that requires only a *mens rea* of recklessness cannot be considered a "violent felony" under the elements clause of the ACCA. Neither the Supreme Court nor the Eighth Circuit has addressed whether *Borden* applies retroactively on collateral review.

A district court is not "required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." 28 U.S.C. § 2244(a). Rather, a federal inmate seeking relief under 28 U.S.C. § 2255 must first receive certification from the court of appeals to file a second or successive motion. *United States v. Brown*, 915 F.3d 1200, 1201 (8th Cir. 2019). *See also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application

---

[1] It is unclear why movant filed his appeal of the denial of his first § 2255 motion with the Eighth Circuit as a "petition for permission to file a successive habeas petition." His untimely § 2255 motion filed in this Court on September 13, 2018 was his first motion to vacate, correct, or set aside sentence under 28 U.S.C. § 2255.

-2-

-3-

permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application").

The instant motion to vacate has not been certified by the Court of Appeals for the Eighth Circuit. As a result the Court may not grant the requested relief and this action must be denied and dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence is **DENIED AND DISMISSED as SUCCESSIVE.** [ECF No. 1]

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 16th day of June, 2022.

							*John A. Ross*
							JOHN A. ROSS
							UNITED STATES DISTRICT JUDGE